**Steven Mark BROWN, Appellant,**

v.

**Silky Ragsdale CROCKETT, Individually and as Administrator of the Estate of Jesse Thorn Ragsdale, Appellee.**

**No. 13,160.**

Court of Civil Appeals of Texas, Austin.

June 4, 1980.

Wynn G. Stanton, Dallas, for appellant.

Yerger Hill, III, Strother, Davis, Stanton, Musselman & Hill, Dallas, for appellee.

SMITH, Justice.

Jesse Thorn Ragsdale died on July 17, 1978, at Smithville, Texas. On September 18, 1978, appellee and her brother, Paul C. Ragsdale, after posting bond and taking the required oath, were granted letters of administration for the Estate of Jesse Thorn Ragsdale by the County Court of Bastrop County, Texas.

On March 29, 1979, appellant, Steven Mark Brown, filed a "Petition for Determination and Declaration of Heirship" in the Probate Court of Dallas County, where administration of the Estate of Jerome Thorn Ragsdale was pending. Appellant alleged that Jerome Thorn Ragsdale, son of Jesse Thorn Ragsdale and brother of appellee and Paul C. Ragsdale, was his biological father.

After receiving notice of the contest filed in the Dallas County Probate Court, appellee filed an "Amended Application to Declare Heirship" in the Estate of Jesse Thorn Ragsdale. The amended application provided, in part, as follows:

"VI. Applicant was a party to a suit brought by Madeleine F. Brown claiming a 'lost will' which suit was dismissed by the Proponent during trial on the merits . . . in the Probate Court in and for Dallas County, Texas. Applicant believes that Madeleine F. Brown had a son, Steven Mark Brown, who is now asserting . . . that he is the biological child of Jerome T. Ragsdale, Deceased, and Madeleine F. Brown. Attached to the original Application To Declare Heirship . . . was the Application on which Madeleine

F. Brown went to trial, reflecting the relationship claimed by Madeleine F. Brown of her son to Jerome T. Ragsdale. Therefore, Applicant moves the Court to determine who are the heirs to JESSE THORN RAGSDALE's Estate."

Appellee accompanied her amended application with a "Motion to Remove" the cause to the 21st District Court of Bastrop County, pursuant to Tex.Prob.Code Ann. § 5(b) (Supp.1980).

Based upon the allegations contained in the amended application, the motion to remove was granted and an order was signed by the county judge transferring the cause to the district court.

The district clerk issued citation by publication and, in addition, issued citation to appellant, who was personally served on May 7, 1979. Appellant made his appearance on May 29, 1979, by filing a written answer consisting of a general denial and an assertion that he was the natural son of appellee's brother, Jerome Thorn Ragsdale.

The issue of heirship thus joined, the district court heard the cause on the merits and determined that appellee and Paul C. Ragsdale were the only heirs of Jesse Thorn Ragsdale. The district court then returned the administration of the estate to the Bastrop County Court.

It is from this final judgment that appellant has perfected this appeal.

This appeal places before us the issues of when a probate matter becomes "contested" within the meaning of § 5(b) and what facts must be affirmatively alleged to show that it is a "contested matter."

The pertinent part of Section 5(b) of the Probate Code provides:

"In those counties where there is no statutory probate court, county court at law or other statutory court exercising the jurisdiction of a probate court, all applications, petitions and motions regarding probate, administrations, guardianships, and mental illness matters shall be filed and heard in the county court, *except that in contested probate matters, the judge of the county court may on his own*

*motion, or shall on the motion of any party to the proceeding transfer such proceeding to the district court,* which may then hear such proceeding as if originally filed in such court." (Emphasis added).

■ As neither the legislature nor the courts have defined the term, "contested," as used in the context of Section 5(b) of the Probate Code, we must assign it such meaning so as to give a reasonable and practical effect to the statute. *See:* Tex.Rev.Civ. Stat.Ann. art. 5429b–2, § 3.01(3) (Supp. 1980).

Webster's New International Dictionary (1953) defines "contest" as "to bring an action at law." As this could mean that any pleading which required a determination of law and fact by a court would be a contest, it is obviously too broad.

On the other hand, requiring that there be a formal joinder of issues between adverse litigants is unnecessarily restrictive and would serve only to obstruct the application of Section 5(b) with useless technicalities.

■ Under the facts as presented in this case, reasonableness and practicality demand that a probate matter be considered "contested," so as to allow invocation of Section 5(b), when a pleading is filed which sets out sufficient facts to show some reasonable grounds for the belief that there are two or more parties or claimants to assets of an estate and that there is a *bona fide* controversy between them concerning those assets.

In the present case, appellee's application listed the heirs of the decedent and their interest in the estate, as required by section 49 of the Probate Code. Appellee then stated facts which caused her to believe that appellant was also claiming to be an heir. These facts demonstrated that appellant claimed to be the biological son of appellee's deceased brother and that such claim had been made in a probate proceeding in Dallas County, where appellee was a party. Furthermore, appellee showed that she declined to recognize appellant as an heir, but admitted that, if his claim proved

to be true, he would be an heir and would be entitled to his statutory share of the estate.

■ Appellee affirmatively alleged in her application that there were two or more claimants to the assets of the estate of Jesse Thorn Ragsdale and that there was a *bona fide* controversy between them concerning those assets. Consequently, the county court was correct in determining that a contest existed and in ordering transfer of the cause to the district court.

Appellant also asserts that the bonds required of appellee and Paul C. Ragsdale, as co-administrators of the estate, were not in conformity with Section 194 of the Probate Code and were, thus, invalid. This being the case, appellant contends that the acts of the co-administrators, including this action to declare heirship, are void.

■ Assuming, *arguendo,* that the bonds of the co-administrators were fatally defective, that fact in no way influences whether appellee could maintain this action for declaration of heirship.

Section 49(a) of the Probate Code provides that *any person or persons claiming to be the owner of the whole or part of the estate* of such decedent may institute proceedings to declare heirship. *See: Estate of Maxey v. Sparks,* 559 S.W.2d 458 (Tex. Civ.App.—Texarkana 1977, writ ref'd n. r. e.).

In the case at bar, appellee's application showed her to be an heir claiming one-half of the estate of Jesse Thorn Ragsdale. This was sufficient to entitle her to maintain this action for declaration of heirship; her additional status as administrator and the validity of her administrator's bond are completely immaterial.

■ Appellant further asserts error in the trial court's failure to grant his motion for continuance. As there is no statement of facts before this Court and the transcript does not show that the motion was presented to the court or that it ruled thereon, we must presume that there is evidence to support the trial court's action in overruling the motion. *Englander Co. v. Kennedy,* 428 S.W.2d 806 (Tex.1968).

For these reasons, the judgment of the trial court is affirmed.

PHILLIPS, C. J., not sitting.