**METRO AVIATION, INC. and Metro Maintenance, Inc., Appellants,**

v.

**BRISTOW OFFSHORE HELICOPTERS, INC.,**
**Appellee.**

No. 09 86 211 CV.

Court of Appeals of Texas,
Beaumont.

Nov. 5, 1987.

Jon B. Burmeister, Moore, Landry, Garth & Jones, Beaumont, John W. Bickel, II and John R.T. Mitchell, Bickel & Brewer, Dallas, for appellants.

Bruce M. Partain, Wells, Peyton, Beard, Greenberg, Hunt and Crawford, Beaumont, for appellee.

OPINION

BURGESS, Justice.

This is an appeal from a take-nothing judgment in a Deceptive Trade Practices Act (DTPA) case. It arose out of the sale of three helicopters and spare parts from Bristow Offshore Helicopters, Inc. (Bristow) to Metro Aviation, Inc. and Metro Maintenance, Inc. (Metro). On December 9, 1985, a jury trial commenced in the case. The trial was terminated on December 11, 1985, pursuant to a motion for mistrial filed by Bristow. The second trial commenced on June 16, 1986, and ended six days later when the jury found against Metro on all counts. Metro does not challenge the jury's findings nor the charge of the court in this appeal. They bring four points of error, although some points are subdivided.

■ The first point of error alleges the trial court erred "in denying Metro's motion to continue [sic]" and in refusing to allow Metro to supplement their interrogatories to add a newly discovered fact witness. Metro filed a written motion for continuance on June 11, 1986. A hearing was held on the motion June 12, 1986, and it was denied. The statement of facts does not contain a transcription of that hearing. Where there is no statement of facts before this court, we must presume that there is evidence to support the trial court's action in overruling the motion. *Brown v. Crockett*, 601 S.W.2d 188, 190 (Tex.Civ.App.—Austin 1980, no writ). The granting or denial of a motion for continuance is within the sound discretion of the trial court. *State v. Crank*, 666 S.W.2d 91, 94 (Tex.), *cert. denied*, 469 U.S. 833, 105 S.Ct. 124, 83 L.Ed.2d 66 (1984). Before an appellate court will reverse the trial court's discretionary ruling, it should appear clearly from the record that there has been a disregard of the rights of a party. *Yowell v. Piper Aircraft Corp.*, 703 S.W.2d 630, 635 (Tex.1986). Metro also made an oral motion for continuance on the morning of trial or at least re-urged their previous written motion. This oral presentation did not comply with *TEX.R.CIV.P. 251*. When the provisions of *rule 251* have not been satisfied, it will be presumed that the trial court did not abuse its discretion in denying a continuance. *Ohlhausen v. Thompson*, 704 S.W.2d 434, 436 (Tex.App.—Houston [14th Dist.] 1986, no writ). We find no error in either instance.

■ Metro also complains in this point of error about the trial court refusing to allow it to supplement interrogatories. Metro filed its motion for leave to supplement interrogatory answers on June 12, 1986. The motion was presented to the trial court on June 16, 1986, the day of trial. The motion sought to include the name of a fact witness, Mr. Gordon Stanton. Stanton had previously been designated as an expert witness in January 1986, but was withdrawn on April 14, 1986. *TEX.R.CIV.P. 166b(5)* requires a party to supplement not less than thirty days prior to the beginning of trial unless the trial court finds that good cause exists for permitting later supplementation. Once the party does not timely supplement its answers to interrogatories, the sanction is

automatic against use of the witness. *Morrow v. H.E.B., Inc.,* 714 S.W.2d 297 (Tex.1986). The real complaint then becomes, not in the refusal to allow supplementation, but in the refusal to allow the witness' testimony. The burden is then upon the movant to show good cause why the answers were not supplemented. *Gutierrez v. Dallas Indep. School Dist.,* 729 S.W.2d 691 (Tex.1987). Metro's counsel conceded he had known of the witness and had spoken to the witness several times. We find no abuse of discretion by the trial judge in refusing to allow the supplementation. Point of error number one is overruled.

■ The next point of error complains of the denying of a motion in limine and allowing testimony relating to an "as is" provision in the sales contract. The overruling of a motion in limine, while it may be error, is never reversible error. *Hartford Accident & Indem. Co. v. McCardell,* 369 S.W. 2d 331, 335 (Tex.1963). The party opposing the admission of evidence still has the burden of objecting at the time the evidence is offered. *Wilkins v. Royal Indem. Co.,* 592 S.W.2d 64, 66 (Tex.Civ.App.—Tyler 1979, no writ). Metro does not point to any place in the record where they interposed an objection to the testimony or argument regarding the "as is" disclaimer. This point of error is overruled.

The third point of error claims the trial court erred in requiring Metro to pay all costs associated with the depositions of the expert witnesses who were designated after the mistrial. After the mistrial, Metro filed a supplementation to its interrogatories designating six new expert witnesses. Bristow then filed a motion to strike the supplemental answers and for protective orders. The trial court conducted a hearing and orally ruled that Metro could utilize the experts but granted Bristow a protective order. This order required Metro to produce the experts in Beaumont, Texas, and to pay all the expenses connected with deposing the experts. No record was made of this hearing. Later, Metro filed a motion to reconsider this ruling and an additional hearing was held. A record was made of this hearing. The court then entered a written order reflecting his prior oral pronouncement. Later, Metro filed its second supplemental answers which withdrew the designation for five of the six previously designated experts. Metro produced this witness and paid the expenses required under the protective order.

*TEX.R.CIV.P. 166b(4)* states:

**4. Protective Orders.** On motion specifying the grounds and made by any person against or from whom discovery is sought under these rules, the court may make any order in the interest of justice necessary to protect the movant from undue burden, unnecessary expense, harassment or annoyance, or invasion of personal, constitutional, or property rights. Specifically, the court's authority as to such orders extends to, although it is not necessarily limited by, any of the following:

a. ordering that requested discovery not be sought in whole or in part, or that the extent or subject matter of discovery be limited, or that it not be undertaken at the time or place specified.

b. ordering that the discovery be undertaken only by such method or upon such terms and conditions or at the time and place directed by the court.

c. ordering that results of discovery be sealed or otherwise adequately protected; that its distribution be limited; or that its disclosure be restricted.

■ This rule is different from its predecessor, Tex.R.Civ.P. 186b (Vernon 1976), which required a showing of good cause before a protective order could be granted. The new rule allows the trial judge to make any order in the interest of justice. The standard of review by this court is abuse of discretion. *Peeples v. Hon. Fourth Supreme Judicial Dist.,* 701 S.W.2d 635, 637 (Tex.1985). In this instance, it is clear that the trial judge granted the protective orders because the experts had not been designated prior to the first trial and because it was Metro's counsel that had brought about the mistrial. The court obviously felt that had the mistrial not have been occasioned, then the supplementation could

not have occurred and Bristow would not be faced with the burden of the additional depositions. We cannot say that the trial judge, operating under an interest of justice criterion, abused his discretion in granting the protective order. However, if it was error, Metro failed to show, in the record, the witnesses' testimony or how the "practical exclusion" thereof led to the rendition of an improper judgment. This point of error is overruled.

The final point of error complains the trial court erred in allowing Bristow's expert to express an opinion relating to Bristow's helicopter maintenance program when such opinion was based solely on statements or reports of third persons which had not been admitted into evidence. Bristow's expert expressed his opinions of Bristow's maintenance procedures based upon his review of some technical logs which had been introduced into evidence and some inspection work sheets which had not been admitted. Metro's sole objection was that the technical data sheets had not been introduced into evidence. This is not the criterion. The criterion is whether the data are of a type reasonably relied upon by experts in the particular field. *TEX.R. EVID. 703.*

Clearly, maintenance inspection sheets would be reviewed if an opinion concerning the maintenance program is going to be expressed, as the trial judge impliedly found. *See Moore v. Polish Power, Inc.,* 720 S.W.2d 183, 191–192 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). We find no error in the admission of the expert opinion. This point is overruled.

Last, we consider Bristow's cross-point wherein they alleged Metro's appeal was taken for delay and without sufficient cause and request that this court award them an amount not to exceed ten times the total taxable costs as damages. *TEX. R.APP.P. 84.* The rule is entitled "Damages for Delay in Civil Cases." It requires that this court determine that the appeal was taken both for delay *and* without sufficient cause. The rule goes on to allow

this court to assess damages to a prevailing appellee if there is no amount awarded. This section of the rule would certainly apply to an appellee or respondent who had received some type of affirmative relief short of money damages. This could be injunctive relief, declaratory judgment relief or other relief. We do not view the rule as one envisioning a take-nothing judgment situation since mere delay cannot hinder an appellee in this situation. If our supreme court had wanted to fashion a "frivolous" appeal remedy, they could have easily done so without inserting the requirement of "delay."[1] While none of Metro's points of error, if sustained, would necessarily lead to reversal, because of the delay aspect previously discussed, we decline to assess the damages requested by Bristow. Their cross-point is overruled.

The judgment of the trial court is affirmed.

AFFIRMED.

---

1. For example, see proposed *TEX.R.CIV.P. 13,* effective January 1, 1988. Order Adopting and Amending Texas Rules of Civil Procedure, 50 TEX.B.J. 850 (1987).