In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00135-CR


______________________________




KARLA LOUISE VASQUEZ, A/K/A KARLA LOUISE WEATHERS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 402nd Judicial District Court


Wood County, Texas


Trial Court No. 15,939-99




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION


 Karla Louise Vasquez, a/k/a Karla Louise Weathers, was originally charged in this case (1) with
possession of between one and four grams of cocaine. On August 9, 1999, Vasquez was placed on
deferred adjudication as a result of the original plea proceeding. On June 17, 2003, as the result of
the State's motion to adjudicate and pursuant to a plea agreement, Vasquez's guilt was adjudicated
and she was given a ten-year suspended sentence and placed on community supervision. In 2006,
the State filed its motion to revoke Vasquez's community supervision. On Vasquez's plea of true,
the trial court revoked her community supervision June 13, 2006, and sentenced Vasquez to serve
ten years' imprisonment and to pay in full the balance of a previously imposed fine.

 Vasquez contends in a single point of error on appeal that we should reverse the conviction
because, through no fault of her own, she could not obtain a reporter's record from the 1999 original
plea proceeding. We affirm.

 Rule 34.6(f) of the Texas Rules of Appellate Procedure provides, among other things, that
an appellant is entitled to a new trial if a significant portion of the appellant's requested record,
necessary to the appeal's resolution, has been lost or destroyed and cannot be effectively replaced. 
Tex. R. App. P. 34.6(f). Here, the record from the 1999 plea proceeding can have no effect on this
appeal from the 2006 revocation of her community supervision.

 The entirety of Vasquez's argument is based on her assumption that she can now effectively
appeal from the 1999 deferred adjudication proceeding at which she pled guilty. (2)

 A defendant placed on deferred adjudication community supervision may raise issues relating
to the original plea proceeding only in appeals taken when deferred adjudication community
supervision is first imposed. Manuel v. State, 994 S.W.2d 658 (Tex. Crim. App. 1999). Deferred
adjudication defendants may not wait until revocation to appeal matters related to their original plea
proceedings. Durgan v. State, 192 S.W.3d 884, 887 (Tex. App--Beaumont 2006, pet. granted); see
Manuel, 994 S.W.2d at 661-62. Thus, issues from the 1999 proceeding cannot now be addressed. 
Counsel has suggested no way in which the record from the 1999 plea proceeding might be necessary
in this appeal. Vasquez has not shown herself entitled to a new trial based on her claim of an
unavailable record.





 We affirm the judgment.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: April 11, 2007

Date Decided: April 17, 2007


Do Not Publish


1. Vasquez has four appeals pending in this Court under cause numbers 06-06-00135-CR,
06-06-00136-CR, 06-06-00137-CR, and 06-06-00138-CR. In some documents filed in these cases,
Vasquez is referred to as "Karla Louise Vasquez," "Karla Weathers," or "Karla Louise Weathers."
2. At one time, under the statute, a defendant whose deferred adjudication community
supervision was revoked could appeal from the original plea proceeding only by demanding final
adjudication and then appealing from the revocation and adjudication of guilt. David v. State, 704
S.W.2d 766, 767 (Tex. Crim. App. 1985). That is no longer the law, and has not been the law for
some time. The ability to appeal from a plea proceeding was explicitly provided by statute in 1987
with the enactment of Article 44.01(j). See Tex. Code Crim. Proc. Ann. art. 44.01(j) (Vernon
2006); Manuel, 994 S.W.2d 658.



0.5in; margin-right: 0.5in">IN THE MATTER OF THE MARRIAGE OF
LAQUITA ANN LOGGINS AND
MICHAEL O'NEAL LOGGINS


                                              

On Appeal from the 6th Judicial District Court
Red River County, Texas
Trial Court No. CV00574


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            The trial court granted Michael O'Neal Loggins and LaQuita Ann Loggins


 a divorce, divided
their property, and granted LaQuita a $25,000.00 judgment against Michael. The marriage was very
brief—they married May 30, 2004, and separated about July 30, 2004. Likewise, the divorce hearing
was brief—consisting of twenty-seven pages of transcribed testimony. Michael contends: (1) the
evidence is factually insufficient to support a $25,000.00 judgment, (2) the trial court abused its
discretion in the division of the community property, (3) the trial court erred in failing to grant a new
trial based on newly discovered evidence, and (4) the trial court erred in failing to grant Michael a
continuance. 
I.         Factual Sufficiency to Support the $25,000.00 Judgment 
            LaQuita was granted a $25,000.00 judgment against Michael. The judgment specified that
the $25,000.00 award was granted for two reasons: (1) a just and right division of the community
property and (2) damages caused by Michael to LaQuita. We will examine reasons specified by the
trial court for the award.
            A.        Judgment As a Division of the Community Property
            To disturb a trial court's division of property, it must be shown that the trial court clearly
abused its discretion by dividing the property in a manner that is manifestly unjust and unfair. In
making this determination, we look to whether the trial court acted arbitrarily or unreasonably,
without reference to any guiding rules or principles. Our analysis focuses on a two-pronged inquiry: 
(1) Did the trial court have sufficient information on which to exercise its discretion and (2) Did the
trial court abuse its discretion by causing the property division to be manifestly unjust or unfair? A
trial court abuses its discretion when it rules without supporting evidence. See O'Carolan v. Hopper,
71 S.W.3d 529, 532–33 (Tex. App.—Austin 2002, no pet.). 
            We first note that, in the brief submitted to this Court, LaQuita defends the judgment only
on the basis of the tort allegedly committed by Michael against LaQuita and does not argue that it
is justified based on a division of community property. The divisible community property identified
by the parties consisted of patio furniture, a computer, personal effects, and approximately $4,700.00
from a bank account. As will be discussed later, the trial court divided that property and ordered
LaQuita to pay Michael $2,000.00 (by offset from her $25,000.00 judgment) of the $4,700.00 from
the bank account. A trial court may order a judgment from one spouse to the other in an effort to
effect an equitable division of the community property. Schlueter v. Schlueter, 975 S.W.2d 584, 588
(Tex. 1998). However, since the amount of the judgment is directly referable to the value of the
community estate, the judgment may not exceed the entire community estate unless it is shown that
one party committed fraud on the community by improperly disposing of property. See Lucy v. Lucy,
162 S.W.3d 770 (Tex. App.—El Paso 2005, no pet.). Here, the value of the entire community estate
was substantially less than $25,000.00. There is no pleading or evidence that Michael committed
fraud on the community estate or has depleted the community such that it is not possible to equitably
divide the community property. Therefore, it was an abuse of discretion to award a $25,000.00
judgment for the purpose of effecting a fair and just division of the community estate. 
            B.        Judgment Based on Tort Damages
            In LaQuita's petition for divorce, she alleged Michael had intentionally and knowingly
assaulted her on or about July 23, 2004, causing bodily injury.


 She also alleged such acts
constituted an intentional infliction of emotional distress.


 At the divorce hearing, Michael was
asked if he attempted to kill his wife in July 2004, to which he replied, "I would like to invoke my
Fifth Amendment rights." He also invoked his right to remain silent to questions about allegations
by other wives of physical abuse, violations of protective orders, a history of violence toward
women, changing the locks on the house, and the description of any community property acquired
during the marriage. LaQuita testified that, on July 24, 2004, Michael mixed a drink for her and she
passed out. She alleges that it contained cocaine and Valium. She apparently was hospitalized and
incurred $4,000.00–$5,000.00 in medical expenses. LaQuita further testified that, after the incident,
she was "near death." As a result of that event, Michael has been indicted for aggravated assault. 
Based on these allegations, LaQuita argues the trial court properly granted her a tort recovery of
$25,000.00. 
            Michael argues that there is factually insufficient evidence to justify a finding of assault or
a tort committed against his wife and also argues that the amount of the award is not supported by
factually sufficient evidence. In a factual sufficiency review, we review all of the evidence to
determine whether the evidence supporting the finding is so weak or the evidence to the contrary so
overwhelming that the finding should be set aside and a new trial granted. Garza v. Alviar, 395
S.W.2d 821 (Tex. 1965). 
            There were pleadings and proof that Michael committed the tort—the testimony of LaQuita
is some evidence she was injured as a result of consuming the drink he prepared for her. 
Additionally, Michael elected to invoke his Fifth Amendment right to remain silent when asked
about the incident. While Michael has the right to invoke his privilege not to incriminate himself,
in civil cases invoking that right may have negative consequences. A fact-finder may draw an
adverse inference against a party who pleads the Fifth Amendment. Tex. Capital Sec., Inc. v.
Sandefer, 58 S.W.3d 760, 779 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (citing Baxter v.
Palmigiano, 425 U.S. 308, 318 (1975)); see also Tex. R. Evid. 513(c). Refusal to answer questions
by asserting the privilege is relevant evidence from which the finder of fact in a civil action may
draw whatever inference is reasonable under the circumstances. Lozano v. Lozano, 983 S.W.2d 787,
791 (Tex. App.—Houston [14th Dist.] 1998), rev'd on other grounds, 52 S.W.3d 141 (Tex. 2001). 
Therefore, based on LaQuita's testimony and the inference that may reasonably be drawn by the trier
of fact by Michael's invocation of his Fifth Amendment right, there is factually sufficient evidence
to prove the assault. Therefore, we will review the evidence to determine if it is factually sufficient
to support the amount of the award. 
            It is established that a tort claim may be joined in a divorce action. Twyman v. Twyman, 855
S.W.2d 619, 624 (Tex. 1993). We must examine the evidence to determine if it is factually
sufficient, just as we would any other tort action. In this case, the evidence concerning the tort is
very scant.


 LaQuita's evidence on this subject is contained on three pages of the trial record. She
testified that, after consuming the drink prepared by Michael, she passed out and thereafter incurred
medical expenses of $4,000.00–$5,000.00 as a result of her "hospital stay." When asked her
condition after the incident, she replied "near death." She also stated she was afraid of Michael. 
            The evidence raises elements of damages for medical expenses, physical pain, and mental
anguish. The medical expenses are unchallenged as being $4,000.00–$5,000.00. That would
necessarily mean that the additional $20,000.00–$21,000.00 was awarded for LaQuita's physical pain
and mental anguish. The only direct evidence that may relate to the pain she suffered is her
statement that she was "near death." The existence of conscious pain and suffering may be
established by circumstantial evidence. Sunbridge Healthcare Corp. v. Penny, 160 S.W.3d 230, 248
(Tex. App.—Texarkana 2005, no pet.). Mental anguish damages generally require a showing of
direct evidence of the nature, duration, and severity of the mental anguish, thus establishing a
substantial disruption in the daily routine. Universe Life Ins. Co. v. Giles, 950 S.W.2d 48, 54 (Tex.
1997); Saenz v. Fid. & Guar. Ins. Underwriters, 925 S.W.2d 607, 614 (Tex. 1996); Penny, 160
S.W.3d at 251. Historically, some types of disturbing or shocking injuries have been found
sufficient to support an inference that the injury was accompanied by mental anguish. Generally,
qualifying events have demonstrated a threat to one's physical safety or reputation or involved the
death of, or serious injury to, a family member. Penny, 160 S.W.3d at 251 (citing Parkway Co. v.
Woodruff, 925 S.W.2d 434, 445 (Tex. 1995)). 
            We find the evidence of conscious pain and mental anguish is extremely meager. LaQuita
testified she was unconscious after consuming the drink. Since the injury is an objective one for
which she was hospitalized, it may be inferred or presumed that she endured some pain as a
consequence. Penny, 160 S.W.3d at 248. However, no other evidence was presented concerning
conscious pain and suffering. As to mental anguish, the evidence is altogether lacking concerning
its nature, duration, or severity. We find that the evidence is factually insufficient to support the
award for pain and mental anguish, and we suggest a remittitur of $10,000.00 from the $25,000.00
judgment. 
II.       Division of Community Property
            As discussed, the trial court granted the $25,000.00 judgment for two reasons: 1) division
of the property and 2) tort damages. We have found that it was proper to award a judgment for tort
damages, though the evidence is factually insufficient to support the entire damage award. We now
turn to the trial court's division of the community property (without regard to the tort damages
award).
            These parties were married for a short time and had acquired very little community property. 
LaQuita was awarded the patio furniture and the computer. The testimony showed that LaQuita
received approximately $4,700.00 from a bank account of the parties. Consequently, she was
ordered to pay Michael $2,000.00 as an offset from the $25,000.00 judgment awarded to her. It was
established that the home she lived in was her separate property and that the automobile she was
driving was a "Mary Kay" lease car. Apparently, there was some property that allegedly was missing
(shirts, a press, and Iraqi money), but no evidence explained the loss. Michael was awarded all
property that he possessed. The trial court had broad authority to divide the community property in
a manner that is just and right, but there is no requirement that it be divided equally. See Tex. Fam.
Code Ann. § 7.001 (Vernon 2006); Lucy, 162 S.W.3d 770. In this case, there was very little
community property to divide. We find no abuse of discretion in the division of the community
estate. 
III.      Motion for New Trial—Newly Discovered Evidence
            Michael next urges that the court erred by overruling his motion for new trial based on newly
discovered evidence. David Hamilton, the attorney for Michael, filed an affidavit with the motion
for new trial in which Hamilton stated he had recently spoken with the attorney representing Michael
in the criminal case. Michael's attorney for the criminal case advised Hamilton about reports of
scientific tests showing only Valium was present in the glass from which LaQuita drank on July 23,
2004, and there was no evidence that cocaine was also present. Based on this affidavit, he argues
the trial court erred in denying the motion for new trial.
            A party seeking a new trial on the ground of newly discovered evidence must show
(1) admissible, competent evidence has been discovered since the trial, (2) the failure to discover the
evidence before trial was not because of lack of due diligence, (3) the evidence is not cumulative,
and (4) the evidence is so material that it would probably produce a different result if a new trial
were granted. See Ricks v. Ricks, 169 S.W.3d 523, 528 (Tex. App.—Dallas 2005, no pet.) (citing
Jackson v. Van Winkle, 660 S.W.2d 807, 809 (Tex. 1983), overruled on other grounds by Moritz v.
Preiss, 121 S.W.3d 715 (Tex. 2003); Dallas Indep. Sch. Dist. v. Finlan, 27 S.W.3d 220, 240 (Tex.
App.—Dallas 2000, pet. denied)).
            For several reasons, we overrule this point. First, the evidence is the affidavit of Michael's
attorney quoting statements of another attorney. This is inadmissible hearsay evidence, not
competent admissible evidence reflecting the personal knowledge of the affiant. See In re
E.I. DuPont de Nemours & Co., 136 S.W.3d 218, 224 (Tex. 2004). Second, there is no explanation
as to why this evidence could not have been discovered before trial. Finally, the evidence suggests
only that one drug was in the drink, rather than two. There is no evidence this substance (Valium)
was alone insufficient to render LaQuita unconscious and require her hospitalization. The evidence
is not so material as to require a different result on retrial. We find the trial court did not abuse its
discretion in denying the motion for new trial. 
IV.      The Failure to Grant a Continuance
            Michael contends the trial court erred in denying his oral motion for continuance presented
immediately before the divorce hearing. 
            The granting or denial of a motion for continuance is within the discretion of the trial court
and will not be reversed unless the record shows a clear abuse of discretion. State v. Crank, 666
S.W.2d 91, 94 (Tex. 1984). "In deciding whether a trial court abused its discretion, the appellate
court does not substitute its judgment for that of the trial court, but only decides whether the trial
court's action was arbitrary and unreasonable." Yowell v. Piper Aircraft Corp., 703 S.W.2d 630, 635
(Tex. 1986) (citing Landry v. Travelers Ins. Co., 458 S.W.2d 649 (Tex. 1970)). Thus, we must
determine whether the trial court's denial of the request for a continuance was done without reference
to any guiding principles. Higginbotham v. Collateral Protection, Inc., 859 S.W.2d 487, 490 (Tex.
App.—Houston [1st Dist.] 1993, writ denied). 
             Rule 251 of the Texas Rules of Civil Procedure states, "No application for a continuance
shall be heard before the defendant files his defense, nor shall any continuance be granted except for
sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." Tex.
R. Civ. P. 251. Here, Michael never filed a written motion for continuance supported by an affidavit
as required by the applicable rule. When the rule concerning motions for continuance is not
satisfied, it is presumed the trial court did not abuse its discretion in denying the oral motion for
continuance. Green v. Tex. Dep't of Protective & Regulatory Servs., 25 S.W.3d 213 (Tex.
App.—El Paso 2000, no pet.); Metro Aviation, Inc. v. Bristow Offshore Helicopters, Inc., 740
S.W.2d 873, 874 (Tex. App.—Beaumont 1987, no writ). 
            Michael explains his failure to file a written motion—he and his counsel received "false
information" that the case would be tried in Bowie County by Judge Miller. Michael attached to his
motion for new trial a written motion for continuance, which was never filed, that he alleges was
prepared for presentation to Judge Miller. When Michael and his counsel appeared for trial in Judge
Lovett's court, only an oral motion was presented. Michael alleges that the motion was prepared for
Judge Miller, not Judge Lovett. However, we note that the caption for the motion is directed to the
Sixth Judicial District Court, over which Judge Lovett presides, not the 102nd Judicial District
Court, which we judicially notice is the court in which Judge Miller presides. See Tex. R. Evid.
201(f) (judicial notice may be taken at any stage of proceeding); In re Estate of Head, 165 S.W.3d
897, 898 n.2 (Tex. App.—Texarkana 2005, no pet.). Further, the major portion of the written motion
alleges the deposition of LaQuita, taken only the day before, had not been transcribed, which
prevented counsel from exploring financial matters discussed at the deposition. This same argument
was presented orally to Judge Lovett, but the written motion for continuance was never filed in the
Sixth Judicial District Court. Further, even the unfiled written motion was not supported by an
affidavit as required by Rule 251. It is presumed that the trial court did not abuse its discretion in
denying a motion for continuance when the motion does not comply with the rule's requirement that
the motion be supported by affidavit. Villegas v. Carter, 711 S.W.2d 624, 626 (Tex. 1986); Wilborn
v. GE Marquette Med. Sys., Inc., 163 S.W.3d 264 (Tex. App.—El Paso 2005, pet. denied). For the
foregoing reasons, we find the trial court did not abuse its discretion in denying the motion for
continuance. 
V.        Conclusion
            We suggest a remittitur of $10,000.00 from the $25,000.00 judgment. If LaQuita, within
fifteen days from the date of this opinion, files a remittitur of $10,000.00 from the total damages, we
will award LaQuita a recovery of $15,000.00 subject to the $2,000.00 offset as ordered by the trial
court, and affirm the judgment of the trial court in all other respects. If LaQuita fails to remit as
suggested, the judgment will be reversed and the cause remanded for a new trial. 
 
 
                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          May 4, 2006
Date Decided:             July 25, 2006