# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-13-00498-CV
_____

### IN RE COMMITMENT OF BILLY ALEXANDER NICHOLSON

_____

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 13-03-02428 CV**

_____

### MEMORANDUM OPINION

The State filed a petition to commit Billy Alexander Nicholson as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-841.151 (West 2010 & Supp. 2014) (the SVP statute). A jury found that Nicholson suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. *See id.* § 841.003(a) (West Supp. 2014). The trial court signed a final judgment and order of civil commitment. In three issues, Nicholson maintains the trial court erred in denying Nicholson's motion for continuance, excluding testimony from his expert regarding "the primary purpose of victimization," and

1

denying his motion for a directed verdict and failing to take judicial notice. Finding no error, we affirm the trial court's judgment.

UNDERLYING FACTS

In 2005, while Nicholson was on probation for an offense of indecent exposure that he committed in 2004, he violated the terms of his probation when he committed an offense of sexual assault, and his deferred adjudication probation was revoked. In 2006, Nicholson pleaded guilty to two counts of indecency with a child by sexual contact in 2004, and for each count Nicholson received an eight year sentence, to be served concurrently. In 2008, he pleaded guilty to the 2005 offense of sexual assault and he received a five year sentence, to be served concurrently with his "current prison sentence." On or about March 7, 2013, the State filed a Petition alleging Nicholson is a sexually violent predator and requesting civil commitment of Nicholson. At the time of the civil commitment trial, Nicholson was still incarcerated.

APPLICABLE LAW

The State was required to prove beyond a reasonable doubt that Nicholson is a sexually violent predator. *See id.* § 841.062(a) (West 2010). A person is a "sexually violent predator" subject to commitment if the person: "(1) is a repeat sexually violent offender; and (2) suffers from a behavioral abnormality that makes

2

the person likely to engage in a predatory act of sexual violence." *Id.* § 841.003(a). A person is a "repeat sexually violent offender" for purposes of the SVP statute if the person is convicted of more than one sexually violent offense, and a sentence is imposed for at least one of the offenses. *Id.* § 841.003(b) (West Supp. 2014). A "sexually violent offense" includes, among other offenses, sexual assault and indecency with a child by sexual contact. *See id.* § 841.002(8)(A) (West Supp. 2014); Tex. Penal Code Ann. §§ 21.11(a)(1), 22.011 (West 2011). A behavioral abnormality is a "congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." Tex. Health & Safety Code Ann. § 841.002(2) (West Supp. 2014). A "predatory act" is "an act directed toward individuals, including family members, for the primary purpose of victimization." *Id.* § 841.002(5).

DENIAL OF MOTION FOR CONTINUANCE

In Nicholson's first issue, he contends that the trial court erred in "failing to grant [Nicholson's] Motion for Continuance, denying [him] discovery[.]" Along with his answer to the State's commitment petition, Nicholson filed a counterclaim for declaratory judgment and temporary injunction, asserting that the "application of Chapter 841 to him will deny him equal protection and due process under the

3

law." Just before trial, Nicholson made an oral motion for continuance, arguing that he was being denied certain discovery that he needed in order to pursue his counterclaim. The State opposed the continuance, and the trial court denied the motion.

An appellate court will not reverse a judgment based on a denial of a motion for continuance absent a clear abuse of discretion. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002); *Snider v. Stanley*, 44 S.W.3d 713, 718 (Tex. App.—Beaumont 2001, pet. denied). An abuse of discretion occurs when the trial court "'reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.'" *Marchand*, 83 S.W.3d at 800 (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985)). A judge may grant a motion to continue a trial under the SVP statute on the request of either party and a showing of good cause. Tex. Health & Safety Code Ann. § 841.063 (West 2010).

Rule 251 of the Texas Rules of Civil Procedure requires a party seeking a continuance to show sufficient cause by affidavit, consent of the parties, or operation of law as support for the motion. Tex. R. Civ. P. 251. "A motion for continuance must be in writing, state the specific facts supporting the motion, and be verified or supported by an affidavit." *Serrano v. Ryan's Crossing Apts.*, 241 S.W.3d 560, 564 (Tex. App.—El Paso 2007, pet. denied). The record contains

4

Nicholson's unsworn written motion for continuance supported by an unsigned and unsworn affidavit. Because the motion for continuance does not comply with Rule 251, we cannot say the trial court abused its discretion in denying the motion. *See Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986) (Failure to comply with Rule 251 creates a rebuttable presumption that the trial court did not abuse its discretion in denying a motion for continuance.); *Metro Aviation, Inc. v. Bristow Offshore Helicopters, Inc.*, 740 S.W.2d 873, 874 (Tex. App.—Beaumont 1987, no writ) ("When the provisions of rule 251 have not been satisfied, it will be presumed that the trial court did not abuse its discretion in denying a continuance."). Issue one is overruled.

EXCLUSION OF "PRIMARY PURPOSE OF VICTIMIZATION" TESTIMONY

In his second issue on appeal, Nicholson asserts that the trial court committed reversible error by not allowing Nicholson's expert, Dr. Marisa Mauro, a forensic psychologist, to testify regarding the "primary purpose of victimization[,]" and that because the State failed to introduce evidence on this element, his motion for directed verdict should have been granted. According to Nicholson, an "elemental requirement" in the determination of whether an individual is a SVP is that the behavioral abnormality must rise to a level that the individual is likely to engage in a sexually violent act directed toward individuals,

including family members, for the "primary purpose of victimization." Nicholson argues that "[i]t is not permissible to assume or imply that a jury has found that [his] primary purpose in any of his sexual assaults were to create a victim, because the [Texas Legislature] has required [the State to] prove beyond a reasonable doubt that [Nicholson]'s primary purpose was to create a victim."

We review the exclusion of expert testimony under an abuse of discretion standard of review. *In re Commitment of Day*, 342 S.W.3d 193, 218 (Tex. App.—Beaumont 2011, pet. denied). The erroneous exclusion of evidence will constitute reversible error when the complaining party shows that the trial court committed error and the error probably caused the rendition of an improper judgment. *State v. Cent. Expressway Sign Assocs.*, 302 S.W.3d 866, 870 (Tex. 2009). "[T]he exclusion or admission [of evidence] is likely harmless if the evidence was cumulative, or the rest of the evidence was so one-sided that the error likely made no difference in the judgment." *Id.* "[I]f erroneously admitted or excluded evidence was crucial to a key issue, the error is likely harmful." *Id.*

In *In re Commitment of Bernard*, No. 09-10-00462-CV, 2012 Tex. App. LEXIS 4681 (Tex. App.—Beaumont June 14, 2012, pet. denied) (mem. op.), we explained that the concept of "victimization" is implicit in the definition of "behavioral abnormality" and assumes a victim. *See Bernard*, 2012 Tex. App.

6

LEXIS 4681, at \*\*6-7. We have previously concluded that "the 'primary purpose of victimization' is not a specified element in section 841.003." *In re Commitment of Simmons*, No. 09-09-00478-CV, 2011 Tex. App. LEXIS 4500, at \*\*1-2 & n.1 (Tex. App.—Beaumont June 16, 2011, no pet.) (mem. op.); *In re Commitment of Chapa*, No. 09-10-00334-CV, 2011 Tex. App. LEXIS 9798, at \*\*10-11 (Tex. App.—Beaumont Dec. 15, 2011, no pet.) (mem. op.) (A finding that an offender is likely to engage in a predatory act of sexual violence directed toward individuals for the primary purpose of victimization is implicit in the finding that the offender suffers from a behavioral abnormality.). As stated by the Texas Supreme Court, "whether a person 'suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence' is a single, unified issue." *In re Commitment of Bohannan*, 388 S.W.3d 296, 303 (Tex. 2012), *cert. denied*, 133 S.Ct. 2746 (2013) (quoting Tex. Health & Safety Code Ann. § 841.003(a)(2)). The State was required to prove Nicholson has a "behavioral abnormality," and we cannot conclude that the trial court erred in excluding the testimony at issue or in denying Nicholson's request for a directed verdict.

The trial court could have reasonably concluded that Mauro's testimony regarding "primary purpose of victimization" confused the issues and would not assist the jury with its assigned task under the SVP statute. *See E.I. du Pont de*

7

*Nemours & Co., Inc. v. Robinson*, 923 S.W.2d 549, 553-56 (Tex. 1995); *see also In re Commitment of Simmons*, 2011 Tex. App. LEXIS 4500, at \*17-18. A trial court may exclude evidence when its probative value is outweighed by the danger of issue-confusion or the danger of misleading the jury. *See Robinson*, 923 S.W.2d at 557.

Furthermore, even assuming that the trial court abused its discretion by excluding the "primary purpose of victimization" portion of Mauro's testimony, we cannot say that it probably caused the rendition of an improper judgment. The State's experts, Dr. Antoinette McGarrahan and Dr. Sheri Gaines, testified that Nicholson suffers from a behavioral abnormality. Dr. McGarrahan, a forensic psychologist, diagnosed Nicholson with paraphilia not otherwise specified, exhibitionism, voyeurism, history of alcohol abuse, bipolar Type II by history, and antisocial personality traits. She explained that based on Nicholson's score on the actuarial test Static-99, Nicholson has a moderate-high risk for reoffending. Dr. Gaines, a forensic psychiatrist, also diagnosed Nicholson with paraphilia not otherwise specified, exhibitionism, as well as mood disorder not otherwise specified, and antisocial personality traits. Based on the risk factors identified by Gaines and upon her review of McGarrahan's scoring of the Static-99 on Nicholson, Gaines testified she believes Nicholson is likely to reoffend in the

future. Given the evidence submitted to the jury, we conclude that Nicholson has not shown that any error in excluding that portion of Mauro's expert testimony regarding "primary purpose of victimization" probably caused the rendition of an improper judgment. *See Cent. Expressway Sign Assocs.*, 302 S.W.3d at 870. Issue two is overruled.

FAILURE TO GRANT A DIRECTED VERDICT OR TAKE JUDICIAL NOTICE

In his third and final issue, Nicholson contends that the trial court erred in failing to grant Nicholson's motion for directed verdict because he is amenable to traditional mental illness treatment modalities. Nicolson further argues the trial court erred in failing to take "proper judicial notice of the issue." On appeal, Nicholson argues that "[i]n Section 841.001 of the Texas Health and Safety Code, *the Texas* Legislature makes clear those individuals who are amenable to traditional mental illness treatment are not to be considered as persons with behavioral abnormalities." He argues that because one of the three experts made no comment as to whether Nicholson was amenable to traditional mental illness treatment and the other two experts agreed Nicholson was amenable to some type of traditional mental illness treatment, he is not within the scope of individuals targeted by the SVP statute, and his motion for directed verdict should have been granted.

9

We review the trial court's denial of a motion for directed verdict under a legal sufficiency standard. *See City of Keller v. Wilson*, 168 S.W.3d 802, 823, 827 (Tex. 2005); *In re Commitment of Hatchell*, 343 S.W.3d 560, 564 (Tex. App.—Beaumont 2011, no pet.). "Because the State has the burden of proof that is employed in criminal cases, we use the appellate standard of review applied in criminal cases for legal sufficiency of the evidence." *In re Commitment of Barbee*, 192 S.W.3d 835, 839 (Tex. App.—Beaumont 2006, no pet.); *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Thus, we assess all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could find, beyond a reasonable doubt, the elements required for commitment under the statute. *In re Commitment of Mullens*, 92 S.W.3d 881, 885 (Tex. App.—Beaumont 2002, pet. denied). It is the factfinder's responsibility to fairly resolve conflicts in the testimony, weigh the evidence**,** and draw reasonable inferences from basic facts to ultimate facts. *Id*. at 887.

Dr. McGarrahan did not testify regarding whether she believed Nicholson was amenable to traditional treatment modalities. Dr. Gaines testified that Nicholson would be amenable to cognitive behavioral therapy. Dr. Mauro testified that, in her opinion, Nicholson is amenable to traditional mental health treatment modalities. In asserting his motion for directed verdict, Nicholson's counsel

10

asserted that "there's uncontroverted evidence that Mr. Nicholson is amenable to the traditional mental health treatment modality of cognitive behavior therapy." The trial court overruled the motion and stated that the relevant question is not whether he was amenable to traditional treatment but whether Nicholson "has a behavioral abnormality today."

Section 841.001 is entitled "Legislative Findings." *See* Tex. Health & Safety Code Ann. § 841.001 (West 2010). The State was required to prove beyond a reasonable doubt that Nicholson is a "sexually violent predator."[1] *See id.* at 841.062(a). Although Mauro testified that in her opinion Nicholson does not suffer from a behavioral abnormality, both of the State's experts reached a contrary conclusion and testified that Nicholson suffers from a "behavioral abnormality" as defined by the SVP statute. *See id.* at § 841.003. The jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *In re Commitment of Mullens*, 92 S.W.3d at 887. Dr. McGarrahan and Dr. Gaines diagnosed Nicholson with a behavioral abnormality. Whether Nicholson would or would not be amenable to certain traditional treatment modalities would go to the weight of the evidence that a jury might consider in making its decision of whether or not Nicholson suffers from a behavioral abnormality. Nicholson was diagnosed

---

[1] *See infra* p. 3.

with paraphilia, and other antisocial traits which were, according to the State's witnesses, part of his behavioral abnormality which were chronic conditions. The jury also heard testimony from Nicholson and other witnesses about the fact he reoffended after receiving treatment.

Viewing the evidence in the light most favorable to the jury's verdict, we conclude that a rational jury could have found beyond a reasonable doubt that Nicholson suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. We hold that the trial court did not err when it denied Nicholson's motion for directed verdict.

Nicholson further argues that the trial court was required to take "proper judicial notice of the law before the jury." According to Nicholson, the trial court refused to take judicial notice of language in the legislative findings in the SVP statute and of opinions in civil commitment cases from this Court that he argues would support his argument that because he is amenable to traditional mental illness treatment modalities, then he is not the intended target of the Texas Legislature under the SVP statute. Nicholson does not specify on appeal any adjudicative facts from any particular case which he claims the trial court should have judicially noticed. At trial, Nicholson's counsel asked the trial court to take judicial notice of certain opinions issued by this Court in other cases but he failed

to identify adjudicative facts therein as required by Texas Rule of Evidence 201. *See* Tex. R. Evid. 201. The trial court did not, as Nicholson argues, refuse to take judicial notice of the SVP statute or of "the law" governing his case. The trial court reasonably could have concluded that his request did not include adjudicative facts. We conclude that the trial court did not err in overruling his request to take judicial notice. Issue three is overruled.

We affirm the trial court's judgment.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on July 7, 2014
Opinion Delivered September 11, 2014

Before McKeithen, C.J., Kreger and Johnson, JJ.

13