# NO. 12-22-00015-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | *APPEAL FROM THE 7TH* |
| *COMMITMENT OF* | § | *JUDICIAL DISTRICT COURT* |
| *DANIEL MARK GAGLIARDO, JR.* | § | *SMITH COUNTY, TEXAS* |

## MEMORANDUM OPINION

This is an appeal from a civil commitment judgment declaring Daniel Mark Gagliardo, Jr. a sexually violent predator (SVP) under Chapter 841 of the Texas Health and Safety Code. Gagliardo's sole issue on appeal is that the trial court abused its discretion when it denied his motion for continuance. We affirm.

## BACKGROUND

In January 2021, the State filed a petition seeking the involuntary civil commitment of Gagliardo as a sexually violent predator pursuant to Chapter 841 of the Texas Health and Safety Code. On October 4, both parties announced ready for trial, a jury was selected, and trial began. The next morning, Gagliardo informed the court that his sole witness may be too ill to testify. The trial court asked whether the witness could appear via Zoom, and the parties agreed to wait and see how the witness's symptoms progressed. Later that day, Gagliardo informed the court the witness would be unavailable and requested a continuance. The trial court noted that it made arrangements for the witness to appear via Zoom. The trial court also refused to rule on the continuance, stating that the issue was not ripe because the State had not rested its case. The next morning, Gagliardo requested a continuance until "either he [the witness] gets better or that we're able to get some type of written testimony from him." The trial court denied the request, noting that the witness had not been subpoenaed or deposed and no medical evidence had been presented regarding his current illness. In an offer of proof, Gagliardo stated that the missing

1

witness was a Catholic priest he had known since 2010 through the prison system. Gagliardo expected the priest to testify that he helped Gagliardo convert to Catholicism and that Gagliardo's character is different now than it was in the past. The witness would further testify that he would support Gagliardo upon his release from prison.

At the conclusion of trial, the jury found beyond a reasonable doubt that Gagliardo is a sexually violent predator. The trial court signed a final judgment and order of commitment in accordance with the jury's verdict. Gagliardo filed a motion for new trial, which was denied. This appeal followed.


## DENIAL OF MOTION FOR CONTINUANCE

In his sole issue, Gagliardo argues the trial court abused its discretion when it denied his motion for continuance based on an unavailable witness.

## Standard of Review and Applicable Law

An appellate court will not reverse a judgment based on a denial of a motion for continuance absent a clear abuse of discretion. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002); *Snider v. Stanley*, 44 S.W.3d 713, 718 (Tex. App.—Beaumont 2001, pet. denied). An abuse of discretion occurs when the trial court "'reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.'" *Marchand*, 83 S.W.3d at 800 (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985)).

The SVP statute requires trial to take place not later than the 270th day after the petition is served on the person. TEX. HEALTH & SAFETY CODE ANN. § 841.061(a)(1) (West Supp. 2021). However, the court can continue the trial past the 270th day if the person is not substantially prejudiced by a continuance. *Id.* § 841.063(a) (West Supp. 2021). A judge may grant a motion to continue a trial under the SVP statute on the request of either party and a showing of good cause. *Id.* § 841.063 (West Supp. 2021).

Rule 251 of the Texas Rules of Civil Procedure requires a party seeking a continuance to show sufficient cause by affidavit, consent of the parties, or operation of law as support for the motion. TEX. R. CIV. P. 251. "A motion for continuance must be in writing, state the specific facts supporting the motion, and be verified or supported by an affidavit." *Serrano v. Ryan's Crossing Apts.*, 241 S.W.3d 560, 564 (Tex. App.—El Paso 2007, pet. denied).

**Analysis**

Gagliardo urges that the trial court erred when it denied his motion for continuance after his witness became ill during the trial. Gagliardo did not file a written motion or affidavit with the trial court. Instead, he made an oral motion when he learned his witness might be too ill to appear in court. He argues that Section 841.063, which applies to SVP cases, does not require a written motion and that Rule 251 does not apply. We disagree.

Previous SVP cases have applied Rule 251 and Section 841.063 together. *See In re Commitment of Nicholson*, No. 09-13-00498-CV, 2014 WL 4460417, at \*2 (Tex. App.—Beaumont Sept. 11, 2014, no pet.) (mem. op.) (overruling appellant's issue when filed unsworn written motion for continuance in SVP case); *In re Commitment of Mitchell*, No. 09-07-002CV, 2007 WL 5011545, at \*2 (Tex. App.—Beaumont Mar. 20, 2008, pet. denied) (mem. op.) (addressing Rule 251 and 252 requirements in a SVP case); *In re Commitment of Holt*, No. 09-06-00465-CV, 2007 WL 3101935, at \*1 (Tex. App.—Beaumont Oct. 25, 2007, no pet) (mem. op.) (applying both Rule 251 and Section 841.063 in SVP case). Furthermore, Section 841.146 provides that a civil commitment proceeding is subject to the rules of civil procedure and appeal for civil cases. TEX. HEALTH & SAFETY CODE ANN. § 841.146(b) (West Supp. 2021). Reading Section 841.063 and Rule 251 together, it appears that Section 841.063 allows for a continuance and Rule 251 prescribes the manner in which one is requested.

Because Gagliardo's motion for continuance does not comply with Rule 251, we cannot say the trial court abused its discretion in denying the motion. *Nicholson*, 2014 WL 4460417, at \*2; s*ee Villegas v. Carter,* 711 S.W.2d 624, 626 (Tex. 1986) (failure to comply with Rule 251 creates a rebuttable presumption that the trial court did not abuse its discretion in denying a motion for continuance); *Metro Aviation, Inc. v. Bristow Offshore Helicopters, Inc.,* 740 S.W.2d 873, 874 (Tex. App.—Beaumont 1987, no writ) ("When the provisions of rule 251 have not been satisfied, it will be presumed that the trial court did not abuse its discretion in denying a continuance."). Therefore, we overrule Gagliardo's sole issue.

**DISPOSITION**

Having overruled Gagliardo's sole issue, we *affirm* the trial court's judgment.

**JAMES T. WORTHEN**

Chief Justice

Opinion delivered July 29, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 29, 2022**

**NO. 12-22-00015-CV**

**IN RE: COMMITMENT OF DANIEL MARK GAGLIARDO, JR.**

---

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 21-0175-A)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*